M. WILLIS v. THE STATE.

*No. 1081.    Decided January 27th, 1897.*

**Local Option—Sale—Evidence Sufficient.**

See facts stated in the opinion. Held: Sufficient, on the trial for a violation of local option, to establish a sale by defendant and to sustain a judgment convicting him for a violation of said law.

APPEAL from the County Court of Hunt. Tried below before Hon. W. H. RAGSDALE, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25 and twenty days' imprisonment in the county jail.

The opinion states the case.

*A. G. Mathews,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of a violation of the local option law, under an information the same as that contained in cause of Key v. State (just decided), ante p. 77. We held in that case that the information was sufficient, and, under the authority of that case, the motion in arrest of judgment filed in this case is not well taken. The question reserved by appellant in his bill of exceptions was the same in case No. 1,080, Willis v. State, ante p. 82, which we held to be not well taken. In reference to the statement of facts, and its sufficiency to support this conviction, we would say that that ground of the motion for a new trial is not well taken, as we understand this record. The testimony shows that Williamson, the alleged purchaser, went to Deidrick & Morton's Billiard Hall and "Temperence Bar," for the purpose of purchasing some whiskey, and gave defendant fifty cents for that purpose. The defendant was one of the employes of the said Deidrick & Morton in and around their billiard hall and temperance bar, and he testified that his business was to attend to and run the billiard hall. After receiving the money from Williamson, the defendant went to the back of the billiard hall. Williamson himself went back of the hall, and on the outside of the building, looked into a box, and got a pint bottle of whiskey. He further testified that he gave defendant the money because he understood that, after giving him the money, he would find whiskey in said box. He testified that he had no faith in finding the whiskey in the box without first giving the defendant the money; that he had no prescription, and bought the whiskey to drink himself. The defendant testified in his own behalf, that Williamson gave him money; that he took it, and gave it to the negro porter, who worked also for Deidrick & Morton in the temperance bar, which is under the same roof, but is separated from the billiard hall by a partition wall. Deidrick & Morton owned both the temperance bar and the billiard hall, and defendant was employed to run the billiard hall, and had nothing to do with the selling of whiskey. He further testified that Deidrick & Morton had whiskey in the temperance bar, and that he told the negro porter, when he gave him the money, that Mr. Williamson wanted whiskey. These facts substantially constitute the evidence in this case. We are of opinion that the evidence amply supports the conviction. Defendant was employed by Deidrick & Morton. He knew they were selling whiskey, and had it there for sale. He took the money, knew

the purpose for which it was given, and took it for the express purpose of disposing of his employer's whiskey to a purchaser. Whether he was employed specifically to sell whiskey or not, under the facts of this case, would be immaterial. He was not the agent of Williamson in the purchase of the whiskey. The judgment is affirmed.

*Affirmed.*